IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALFREDO SANCHEZ and MIGUEL ARRIAGA, on behalf of themselves and other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GLOBAL PARKING MANAGEMENT, INC., CAR PARKING SOLUTIONS, LLC, MICHAEL S. DENIGRIS, JOSEPH GRILLO, ROSEANNE PARONE-DENIGRIS, and CASIMIR A. RINCON, individually,<br><br>Defendants. | No. 14-cv-04611<br><br>Judge Andrea R. Wood |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Alfredo Sanchez and Miguel Arriaga have brought this putative class action against Defendants Global Parking Management, Inc. ("Global"), Car Parking Solutions, LLC ("Car Parking"), Michael S. DeNigris, Joseph Grillo, Roseanne Parone-DeNigris, and Casimir Rincon, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, as well as retaliation in violation of all of those statutes. Before the Court is Car Parking's motion to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion") (Dkt. No. 60). For the reasons stated below, the Court finds that Plaintiffs have sufficiently stated claims against Car Parking and therefore denies the Motion.

## BACKGROUND

Except when otherwise noted, the following facts are taken from the Second Amended Complaint ("SAC") and accepted as true for the purposes of deciding the Motion.[1]

Global provides its clients with attendants to monitor parking lots and take action against drivers who park on the lots even though they are not customers of the related businesses. (Compl. ¶ 15, Dkt. No. 47.) Global is jointly owned and operated by DeNigris, Grillo, and Parone-DeNigris. (*Id*. ¶ 16.) Plaintiffs are both former Global employees who were hired by the company in 2011. (*Id*. ¶ 17.) They claim that in the past three years they were "regularly and customarily" required to work in excess of 40 hours per week but were not compensated at 1.5 times their regular rate of pay for their overtime work; instead, they were compensated for overtime work at their normal rate plus $1. (*Id*. ¶¶ 18-20, 22-23.) Plaintiffs also allege that Global made unlawful deductions from their wages. (*Id*. ¶¶ 26-33.) For example, Plaintiffs would be assessed a fine if they did not arrive 15 minutes early for their shifts. (*Id.* ¶ 26.) They were also subject to discipline and monetary fines for more than 40 separate infractions, such as failing to tuck in their shirts, leaving equipment at home or at the office, and failing to call the office when arriving at a job location. (*Id.* ¶ 27.)

The initial complaint in this lawsuit named only Global, DeNigris, Grillo, and Parone-DeNigris as defendants. Plaintiffs filed the case on June 18, 2014 and were terminated shortly thereafter. (*Id.* ¶ 17) They subsequently amended their complaint on July 25, 2014 to add a claim for retaliation. Plaintiffs and the originally-named defendants discussed settlement in November 2014, but no agreement was reached. (*Id.* ¶ 34.) The next month, Car Parking was registered with the Illinois Secretary of State as a limited liability corporation. (*Id.*) Rincon, who had been an

---

[1] For the purposes of deciding a Rule 12(b)(6) motion, a district court must accept the allegations of the complaint as true and draw all permissible inferences in the plaintiff's favor. *See, e.g.*, *Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).

office manager and parking lot attendant for Global, became the registered agent and managing member of Car Parking. (*Id*. ¶¶ 35-36.)

Car Parking took over Global's business, including using the same signs (with the new company name covering up the old), employing the same individuals, and utilizing the same equipment, labor management, and office staff. (*Id*. ¶¶ 37-39, 44.) As alleged by Plaintiffs, Global and Car Parking "are a single employer and/or Car Parking is Global's alter-ego" and Car Parking is Global's "successor." (*Id*. ¶¶ 40, 44.) Plaintiffs further claim that Global is "no longer operating or is in the process of ceasing its business" and that Car Parking currently provides services at commercial parking lots where Global had an established relationship. (*Id*. ¶ 43.)

On January 21, 2015, Plaintiffs were granted leave to amend their complaint a second time to add Car Parking and Rincon as defendants. The SAC includes five counts: claims for violation of the FLSA and the IMWL for failure to pay overtime wages, a claim for violation of the IWPCA based on the allegedly unlawful deductions, a claim under the IWPCA for failure to pay earned wages, bonuses, and commissions, and a claim under all of the aforementioned statutes alleging that Plaintiffs were retaliated against for filing this lawsuit.[2] Global, DeNigris, Grillo, and Parone-DeNigris answered the SAC. Car Parking, however, has moved to dismiss the claims against it. The Motion challenges only whether Car Parking is properly named as a defendant in this matter as a purported alter ego or successor of Global or because it is a single employer with Global.

## DISCUSSION

To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). While a complaint need not include detailed factual allegations, there "must be enough to raise a right to relief above

---

[2] All but the retaliation claim in Count V are putative class claims.

the speculative level." *Id*. at 555. A plaintiff must "'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. In addition, "although the complaint's factual allegations are accepted as true at the pleading stage, allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *Id.*

Here, Car Parking argues that it is not properly named as a defendant in this matter because it cannot be held liable for the acts of which Plaintiffs complain. Specifically, it contends that the factual allegations in the SAC do not show that Car Parking is an alter-ego or successor corporation of Global; nor do they show that Car Parking and Global constitute a single employer.[3] Instead, according to Car Parking, Plaintiffs misconstrue and misrepresent the facts regarding its creation in order "to impose liability on an innocent and separate company." (Car Parking Reply at 1, Dkt. No. 66.)

In support of the Motion, Car Parking has submitted an affidavit from Rincon. (Car Parking Mot., Ex. A, Dkt. No. 60-1.) The purpose of the affidavit is to dispute the factual allegations of the SAC. "Rule 12(b) requires that if the district court wishes to consider material

---

[3] Car Parking attacked Plaintiffs' alter-ego theory of liability in its opening brief without mentioning the two other theories of liability asserted against it—namely, that Car Parking is a successor corporation of Global and that Car Parking and Global constitute a single employer. After Plaintiffs raised Car Parking's failure to challenge the successor and single employer theories in their response, Car Parking argued for the first time in its reply that Plaintiffs also has failed to state claims under those theories as well. By waiting until its reply to challenge successor and single employer liability, Car Parking has waived those arguments. *Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012). Nonetheless, the Court will proceed to consider the merits of the motion to dismiss the successor and single employer claims because it is clear that Plaintiffs have successfully pleaded those claims.

outside the pleadings in ruling on a motion to dismiss, it must treat the motion as one for summary judgment and provide each party notice and an opportunity to submit affidavits or other additional forms of proof." *Loeb Indus., Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479 (7th Cir. 2002). In its reply brief, Car Parking requests that the Court consider Rincon's affidavit and treat its Motion as one for summary judgment. The Court declines to do so.

Converting the Motion from a Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment makes little sense under the circumstances and would prejudice Plaintiffs, who have not yet had the opportunity to depose Rincon or otherwise to develop the factual record necessary to challenge the assertions in his affidavit. At this point, there is no reason for the Court to believe that it has all of the probative evidence regarding Car Parking's liability before it. *Cf. Santana v. Cook Cnty. Bd. of Review*, 679 F.3d 614, 619-20 (7th Cir. 2012) (finding that it would not be error for the district court to convert the defendants' motion to one seeking partial summary judgment under Rule 56 where the parties had ample notice and time to respond, and "the district court considered everything that the parties claimed to be probative of the scope of the ban"). This is particularly true given that the material Car Parking asks this Court to consider consists of an affidavit from its own managing member who is also named individually as a defendant in this case. Car Parking's request that the Court accept Rincon's untested affidavit testimony turns the Rule 12(b)(6) standard on its head; rather than accepting Plaintiffs' allegations as true, Car Parking asks this Court to accept Car Parking's own version of the facts as true. Thus, the Court excludes Rincon's affidavit and will not consider it in deciding the Motion.

Plaintiffs assert three theories of liability against Car Parking: alter-ego, successor, and single employer. First, under Illinois law, "a court may disregard a corporate entity and pierce the veil of limited liability where the corporation is merely the alter ego or business conduit of

another person or entity." *Peetoom v. Swanson*, 778 N.E.2d 291, 294-95 (Ill. App. Ct. 2002) (internal citations omitted). Such alter ego liability requires that two criteria be satisfied: "(1) there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist; and (2) circumstances must be such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Wachovia Sec., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 751-52 (7th Cir. 2012) (internal quotation marks omitted). Similarly, "[s]ingle employer status exists where two nominally separate entities are actually part of a single integrated enterprise so that, for all purposes, there is in fact only a 'single employer.' Factors which establish a formal relationship between the two employers, such as common ownership or common management, are relevant to determine whether two seemingly independent businesses are really one enterprise." *N.L.R.B. v. W. Temp. Servs., Inc.*, 821 F.2d 1258, 1266 (7th Cir. 1987) (internal citations and quotation omitted). Finally, successor entities can be held liable for the actions of their predecessors in certain situations, including "where (1) there is an express or implied assumption of liability; (2) the transaction amounts to a consolidation, merger, or similar restructuring of the two corporations; (3) the purchasing corporation is a mere continuation of the seller; and (4) the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability for the seller's debts." *Upholsterers' Int'l Union Pension Fund v. Artistic Furniture of Pontiac*, 920 F.2d 1323, 1325-26 (7th Cir. 1990) (internal quotation omitted).

In the SAC, Plaintiffs have alleged facts sufficient to support all three theories of liability against Car Parking. For example, the SAC alleges that: Rincon, managing member of Car Parking, was also a managerial employee of Global; employees who formerly worked for Global continued to work in identical positions for Car Parking after Car Parking was formed; and Car

Parking performs the same work as Global and effectively took over Global's business when it was formed in December 2014. (Compl. ¶¶ 11, 12, 38, 39, Dkt. No. 47.) Plaintiffs clearly intend to suggest that Global and the individual defendants formed Car Parking after the unsuccessful settlement discussions in November 2014 in an attempt to protect their assets in case they are found liable for Plaintiffs claims. Considering only the pleadings, in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have sufficiently pleaded claims against Car Parking under each of the three theories they assert.

For these reasons, Plaintiffs have sufficiently stated claims against Car Parking and therefore the Motion is denied.

## CONCLUSION

For the foregoing reasons, Car Parking's motion to dismiss the Second Amended Complaint (Dkt. No. 60) is denied.

ENTERED:

Dated: July 20, 2015

_____
Andrea R. Wood
United States District Judge

7